**Jose Francisco CANAS, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 09–73282.**

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted June 15, 2011.*

Filed June 29, 2011.

John E. Ricci, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, OIL, Manuel Palau, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

MEMORANDUM **

Jose Francisco Canas, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance. *Cui v. Mukasey*, 538 F.3d 1289, 1290 (9th Cir.2008). We deny in part and dismiss in part the petition for review.

■ The IJ did not abuse her discretion by not continuing proceedings where Canas failed to show good cause. *See* 8 C.F.R. § 1003.29 (an IJ may grant a continuance for good cause shown).

■ We lack jurisdiction to consider Canas' contention that the IJ did not notify him of the consequences for failing to comply with the biometric requirements because he failed to raise that issue before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (this court lacks jurisdiction to review contentions not raised before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.